Van Voorhis, J.
The policy of insurance protects plaintiff’s frame dwelling facing the ocean against loss by windstorm, provided that it is not occasioned directly or indirectly by or through high water. Loss of any kind caused by water is excepted, unless the building insured shall first sustain actual damage to the roof or walls by the direct force of the wind, and then only is water damage allowed to the extent that damage is done by water entering the building through openings made by the wind.
*321 The photographs in evidence indicate that the front end of plaintiff’s house, situated several feet above the elevation of the beach and nearly adjacent thereto, was protected by a breakwater or bulkhead which extended for some distance along the waterfront. In the later photographs this bulkhead has disappeared. It seems to have been washed out in front of plaintiff’s premises and in front of other cottages. These later photographs convey the impression that the front of plaintiff’s dwelling was undermined by the ocean.
The loss for which plaintiff sues consists in damage to her building when it tilted forward with the rear end above its foundation and the front end down upon the beach. Plaintiff’s contention is that it was blown forward into that position by the pressure of an offshore wind. Under the provisions of the policy that have been referred to, defendant is not liable if the falling of this house was occasioned indirectly by undermining of the foundation by high water, or if the house was caused to fall by action of water. It is unlikely that the sea wall was blown away by the wind. The inference is strong that it was washed away and that this was closely related to the loss.
The charge is open to an interpretation that plaintiff is entitled to recover if the wind damaged the walls and roof, even if the building fell in consequence of having been undermined by water. Such an instruction was erroneous.
The verdict of the jury was contrary to the evidence. The judgment should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.
Cohn, Callahan and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.